UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JON R. GILLIS, | Case No. C20-739RSM |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| BMW OF NORTH AMERICA, LLC, | |
| Defendant. | |

This matter comes before the Court *sua sponte*. On December 20, 2019, Jon R. Gillis filed a "Request for Arbitration" with the Washington State Office of the Attorney General Lemon Law Administration. Dkt. #1 at 7. Mr. Gillis alleged there was a serious safety defect with his recently purchased BMW motorcycle. Mr. Gillis prevailed in arbitration and was awarded $32,223.33 plus $17,400.00 in attorney's fees. *Id*. at 57. On April 16, 2020, BMW of North America, LLC ("BMW") filed a "Petition of Appeal from Arbitration Decision and Request for Trial De Novo" in King County Superior Court, citing RCW 19.118.090(9). *Id*. at 22. Even though BMW was the party filing the action and petitioning for relief, BMW listed itself as "Defendant" and Mr. Gillis as "Plaintiff." *Id*.

ORDER TO SHOW CAUSE - 1

BMW removed its own state court action to this Court on May 15, 2020. *See id*. In its Notice of Removal, BMW states that this Court has diversity jurisdiction and that the amount in controversy exceeds $75,000. *Id*. at 1. BMW asserts:

> …plaintiff has demanded the following damages and other relief:
>
> A. <u>Written Demands for Payment</u>: Plaintiff twice demanded in writing that BMW NA pay sums totaling $425,000 to plaintiff.
>
> B. <u>Plaintiff's Draft Complaint</u>: In his draft Complaint, plaintiff asserts 15 separate causes of action against BMW NA including… claims for civil conspiracy… negligent misrepresentation, conversion, unjust enrichment…. Based on the allegations contained in plaintiff's draft Complaint and consistent with Washington law, the damages sought by plaintiff easily exceed $75,000.

*Id*. at 2.

On May 17, 2020, Mr. Gillis, figuring himself the Plaintiff in this case, filed a "Notice of Voluntary Dismissal." Dkt. #2.

On May 18, 2020, BMW filed an Answer with counterclaims. Dkt. #3. BMW is counterclaiming for breach of contract, negligence, and civil conspiracy against Mr. Gillis. *Id*. BMW makes a point of alleging that its counterclaims are for damages "anticipated to exceed $75,000." *See, e.g., id.* at 7.

An action may be removed to federal court only if it could have been originally brought in federal court, and only by the defendant. 28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This Court must *sua sponte* review all removed actions to confirm that federal jurisdiction is proper. *Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)

ORDER TO SHOW CAUSE - 2

("If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it . . ."). A court may raise the question of subject matter jurisdiction *sua sponte* at any time. *Snell v. Cleveland, Inc.*, 316 F. 3d 822, 826 (9th Cir. 2002); Fed. R. Civ. P. 12(h)(3).

In considering the amount in controversy, the Court first looks to the face of the complaint. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Where it is unclear or ambiguous from the face of the complaint whether the requisite amount in controversy is plead, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013). The Ninth Circuit has stated that the amount in controversy is "not a prospective assessment of [a] defendant's liability," but "the amount at stake in the underlying litigation." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (2018) (internal citations omitted).

The Court has reviewed the record in this case and finds many apparent procedural errors made by the parties. The Court's primary concern is whether it has subject matter jurisdiction. The only basis for removal is diversity, and the amount in controversy, judging by the amount at stake in the underlying litigation, appears to be capped at $32,223.33 plus $17,400.00 in attorney's fees. The "complaint" in this case, if one can be found, is BMW's Petition of Appeal from Arbitration Decision and Request for Trial De Novo. Examining that document, BMW is seeking only to overturn the arbitration decision and avoid paying the above award, which is less than $75,000. Mr. Gillis is not seeking to overturn the arbitration decision. He is not currently pursuing any claims against BMW in the state court action. BMW's estimation of the claims Mr. Gillis sought or seeks out of court are irrelevant for calculating the amount in controversy in the underlying litigation. BMW's post-removal counterclaims are

ORDER TO SHOW CAUSE - 3

likewise irrelevant.  Given all of the above, this Court almost certainly lacks subject matter jurisdiction over this case and remand is appropriate.

In Response to this Order, BMW must file a Response telling the Court 1) why it is able to remove this case when it acted as a plaintiff or petitioner in the state court action, and 2) why the amount in controversy requirement has been met given that the dispute in the underlying state court action is over an arbitration award less than $75,000.  This Response may not exceed **six (6) pages**.  The Court will take no further action in this case until BMW has submitted this Response.

Accordingly, the Court hereby finds and ORDERS that BMW shall file a Response to this Order to Show Cause containing the detail above no later than **twenty-one (21) days** from the date of this Order.  Failure to file this Response will result in an order of remand.

DATED this 19th day of May, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE - 4